UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN T. LAMBERT,

     Plaintiff,

v.    Case No. 5:04-cv-122-Oc-10GRJ
                         5:04-cv-134-Oc-10GRJ

UNITED STATES OF
AMERICA, et al.,

     Defendants.
_____

## ORDER GRANTING MOTION TO DISMISS

Plaintiff initiated this case by filing two separate civil rights cases. On April 8, 2004, Plaintiff filed a complaint alleging claims of negligence and medical negligence against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq. See case no. 5:04-cv-122-Oc-10GRJ. On April 13, 2004, Plaintiff initiated a Bivens case against several individual employees of the Bureau of Prisons. See case no. 5:04-cv-134-Oc-10GRJ. Because Plaintiff's claims in both cases involve the same set of facts, the Court granted Plaintiff's motion to consolidate. (Doc. 10.)

On September 9, 2004, the Defendants filed a motion to Dismiss or, in the Alternative, for Summary Judgment. (Doc. 13.) Plaintiff filed a response on December 1, 2004. (Doc. 17). Since that time, Plaintiff has filed his own Motion for Summary Judgment (Doc. 20) and Motion for Default Judgment (Doc. 24).

The Defendants have filed a response to each of the Plaintiff's motion and this case is ripe for review.

## **The Complaint**

Plaintiff entered the Bureau of Prisons (BOP) in 1998. At that time, Plaintiff was classified as a medium security prisoner and was housed in a medium security facility. From 1998 through 2001, Plaintiff received periodic classification reviews as provided in Program Statement 5100.07 (hereinafter PS 5100.07). Plaintiff alleges that from the outset of his incarceration, the BOP has misclassified his security level.[1] Therefore, Plaintiff alleges that he has been improperly housed in medium security facilities with dangerous inmates.

During his incarceration, Plaintiff protested his custody classification to no avail.[2] Moreover, in 2001, Plaintiff states that he was not given his periodic program review in a timely manner. Plaintiff contends that his custody classification review should have been completed by August of 2001. Plaintiff asserts that had his review been timely, he would have been reclassified as a minimum security prisoner and transferred to a low security facility. Instead, he remained incarcerated in a medium security facility where he was assaulted in September 2001.

---

[1] Plaintiff alleges that the BOP has erroneously assigned "variables" to his classification calculation level, thereby making him ineligible for a reduction from medium to low security status.

[2] Plaintiff was released from custody during the pendency of this case.

As a result of the assault, Plaintiff suffered several injuries to his face, nose and left eye. Specifically, Plaintiff alleges that he suffered from a broken nose, a lacerated lower lip, permanent facial scars, and a disfigured and damaged left eye. Plaintiff was treated at an outside hospital for his injuries. Upon his return to prison, he was placed in solitary confinement. Plaintiff asserts that despite the recommendations of the treating physician at the outside hospital, he received only cursory follow-up care.

Plaintiff presented his tort claims to the Federal Bureau of Prisons pursuant to a Claim for Damage, Injury or Death. On October 17, 2003, after an investigation of the incident, the Bureau of Prisons found no negligence on the part of staff and denied Plaintiff's claim. This suit was filed shortly thereafter.

### The Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment

In their motion, the Defendants request dismissal of Plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(1) & (6) and Fed.R.Civ.P. 56(b). Pertinent to this Order, the Defendants argue that Plaintiff's negligence claim under the FTCA is foreclosed by circuit caselaw. In addition, the Defendants contend that the Plaintiff has failed to state a claim for relief as to his claim of medical negligence under the FTCA. Finally, the Defendants assert that Plaintiff's Bivens claims are due to be dismissed for the failure to exhaust administrative remedies. For the

following reasons, the Court finds that the Defendants' motion is due to be granted.

## Motion to Dismiss Standard

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate."[3] As the Supreme Court declared in Conley v. Gibson, a complaint should not be dismissed for the failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[4] Thus, if a Complaint "shows that the Plaintiff is entitled to any relief that the Court can grant, regardless of whether it asks for the proper relief," it is sufficiently pled.[5]

## Summary Judgment Standard

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material

---

[3] Int'l Erectors, Inc. V. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968).

[4] Conley v. Gibson, 355 U.S. 41, 45046, 78 S.Ct. 99, 102 (1957); see also Cook v. Nichol, Inc., v. The Plimsoll Club, 451 F.2d 505 (5th Cir. 1971).

[5] Dotschay v. Nat. Mut. Ins. Co., 246 F.2d 221 (5th Cir. 1957).

fact exists where the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[6]

## Federal Tort Claims Act

The FTCA waives the federal governments' traditional immunity from suit for claims based on the negligence of its employees. Because the conduct giving rise to Plaintiff's claims occurred in the state of Florida, the substantive law of Florida governs this case. 28 U.S.C. § 1346(b)(1).

### Negligent Classification

As set forth by the Defendants' in their motion to dismiss, Plaintiff's negligent classification claim is foreclosed by the Eleventh Circuit's decision in Cohen v. United States.[7] In Cohen, the Eleventh Circuit found that the BOP's actions in classifying inmates falls within the discretionary function exception to the United States waiver of sovereign immunity under the FTCA. Therefore, this claim must be dismissed for lack of subject matter jurisdiction.

### Medical Negligence

In order to establish a claim for medical negligence in Florida, "a Plaintiff must establish the following: the standard of care owed by the defendant, the defendant's breach of the standard of care, and that said breach proximately caused the damages claimed."[8] This standard is codified in Fla. Stat. § 766.101,

---

[6] See Anderson v. Liberty Lobby, 477 U.S. 242, 248 106 S.Ct. 2505, 2510 (1986).

[7] 151 F.3d 1338 (11th Cir. 1998).

[8] Gooding v. University Hospital Building, Inc., 445 So.2d 1015, 1018 (Fla. 1984) (citation omitted).

et. seq. Those regulations specifically state that "any action for recovery of damages based on . . . personal injury of any person in which it is alleged that such . . . injury resulted from the negligence of a health care provider . . . the claimant shall have the burden of proving by the greater weight of evidence that the alleged actions of the health care provider represented a breach of the prevailing professional standard of care for that health care provider." See Fla.Stat.Ann. § 766.102.

With regard to his medical negligence claim, Plaintiff alleges that after the assault, he was treated at a local hospital in Leesburg, Florida. Upon his release, the treating physician recommended Plaintiff receive eye drops and be seen by a specialist for follow-up care. Plaintiff alleges that upon his return to the institution, he received only cursory medical treatment and was not referred to a specialist. Plaintiff alleges that because the Defendants failed to properly treat him, and failed to refer him to a specialist, he now suffers from chronic eye problems.

Upon due consideration, the Court finds that Plaintiff has completely failed to sustain his burden of proof. Plaintiff has failed to provide any medical testimony supporting his claim of medical negligence.[9] In addition, other than his own self-suffering and conclusory statements, Plaintiff fails to show how the alleged deficient treatment, or failure to refer him to a specialist, caused his

---

[9] Plaintiff cannot rely simply on the recommendations of the treating physician at the local hospital. Plaintiff must provide expert testimony to establish the prevailing professional standard of care. Sims v. Helms, 345 So.2d 721, 723 (Fla. 1977).

chronic eye condition. Finally, the Court notes that Plaintiff has not established that additional treatment, or referral to a specialist, was even necessary. At best, Plaintiff has shown that the medical doctor at the Coleman Complex disagreed with the treatment prescribed by the doctor at the local hospital. A difference in medical opinion is simply not enough to establish negligence. Accordingly, Plaintiff has failed to state a claim for medical negligence and this claim is due to be dismissed.

## Plaintiffs' Bivens Claims

In the motion to dismiss, Defendants argue that Plaintiff's Bivens claims are not exhausted. Moreover, Plaintiff concedes that his Bivens claims were not separately exhausted.[10] However, Plaintiff argues that the same set of facts and allegations were presented to the BOP in his administrative tort claims. Therefore, Plaintiff alleges that this Court should find that his administrative tort claim was sufficient to exhaust both his FTCA claims and his Bivens claims.

### Exhaustion

Pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), reads as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

---

[10] See Plaintiff's Response (Doc. 17) at unnumbered 13-14.

> facility until such administrative remedies as are available are exhausted.

This exhaustion requirement applies to both state and federal prisoners,[11] and Plaintiff is required to exhaust his administrative remedies <u>before filing suit</u>, regardless of the relief offered through administrative procedures.[12] The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes."[13] Moreover, a court does "not review the effectiveness of those remedies, but rather, [only] whether remedies were available and exhausted."[14] Under the PLRA, all available administrative remedies must be exhausted whether suit is filed under §1983 or other federal laws.[15]

For complaints involving the conditions of confinement, the BOP has a three level administrative remedy process if informal resolution procedures fail to achieve the inmate's desired results.[16] The administrative remedy process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied, he may file a Regional Appeal with the Regional Office for the geographic region in which the inmate is

---

[11] <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1324-25 (11th Cir. 1998).

[12] <u>Alexander</u> at 1325.

[13] <u>Porter v. Nussle</u>, 122 S. Ct. 983, 992 (2002).

[14] <u>Miller v. Tanner</u>, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing <u>Alexander</u> at 1326).

[15] <u>Porter</u> at 988.

[16] 28 C.F.R. § 542.10, <u>et seq</u>.

confined.[17]   If the Regional Office denies relief, the inmate can appeal that decision to the Office of General Counsel.

The disposition of a tort claim by a federal agency is a prerequisite to initiating suit in the district court. 28 U.S.C. § 2675. Section 2675(a) states:

> [a]n action shall not be instituted . . . against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee . . . while acting within the scope of . . . employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section.

"Section 2675(a) is satisfied if the claimant (1) gave the appropriate agency written notice of the tort claim to enable the agency to investigate; and (2) stated a sum certain as to the value of the claim."[18]  Furthermore, the statutory purpose of requiring an administrative claim is satisfied as long as "a claim brings to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability . . ."[19]

In this case, the Defendants concede that Plaintiff satisfied the exhaustion requirement as to his claims under the FTCA with his Claim for Damage, Injury or

---

[17]  An inmate at the Coleman Federal Correctional Complex would file an appeal with the Southeast Regional Office in Atlanta, Georgia.

[18] Orlando Helicopter Airways v. United States, 75 F.3d 622, 625 (11th Cir. 1996) (citing Free v. United States, 885 F.2d 840, 842 (11th Cir. 1989)).

[19] Free at 843 (quoting Rise v. United States, 630 F.2d 1068, 1071 (5th Cir. 1980)).

Death (TRT-SER-2003-01647) received by the Bureau's Southeast Regional Office on April 23, 2003.[20] However, the Defendants argue that Plaintiff has never presented his Bivens claims against the individual federal Defendants through the Bureau's administrative remedy process. Indeed, Plaintiff concedes as much in his Response to the Defendants' Motion to Dismiss (Doc. 17) when he states that it would have been redundant to present his Bivens claims through the administrative grievance procedure when the facts underlying those claims were already presented in his tort claim.[21] Nevertheless, there are clearly separate procedures for exhausting tort claims and claims involving the conditions of confinement. Thus, Plaintiff was required to exhaust his FTCA claims and Bivens claims in the separate administrative proceedings and the failure to do so is grounds for dismissal.

Moreover, because Plaintiff did not appropriately exhaust his Bivens claims, and cannot now do so,[22] those claims are procedurally defaulted and are barred from further consideration by this Court.[23] Therefore, Plaintiff's Bivens claims will be dismissed with prejudice.

---

[20] See Defendant's Motion to Dismiss (Doc. 13) at 7.

[21] See Plaintiff's Response (Doc. 17) at unnumbered 13-14.

[22] See 28 C.F.R. § 542.14 ("The deadline for completion of a informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate for (BP-9), is 20 calendar days following the date on which the basis for the Request occurred.").

[23] See Johnson v. Meadows, 418 F.3d 1152 (11th Cir. 2005) (finding that the exhaustion requirement of the PLRA contains a procedural default component).

## Conclusion

For the reasons stated herein, the Motion for Summary Judgment and/or Dismissal (Doc. 13) is **GRANTED**. The Clerk is directed to enter judgment dismissing the case with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 22nd day of September 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

c: John T. Lambert
   Counsel of Record